# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50222
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 7, 2014

Lyle W. Cayce
Clerk

HANFORD-SOUTHPORT, L.L.C.,

Plaintiff - Appellant

v.

CITY OF SAN ANTONIO; PATRICK O'CONNOR, In His Official and
Individual Capacity; SAN ANTONIO WATER SYSTEMS; BRICE
MOCZYGEMBA, P.E.; PAPE DAWSON ENGINEERS, INCORPORATED;
PIPELAYERS, INCORPORATED; S.J. LOUIS CONSTRUCTION OF
TEXAS, LIMITED,

Defendants - Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:11-CV-1007

Before DAVIS, SMITH, and WIENER, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant Hanford-Southport, L.L.C. ("Hanford") appeals the
several February 10, 2014 rulings of the district court, effectively rejecting and

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 14-50222

dismissing all of Hanford's claims against the numerous Defendants-Appellees. We affirm.

This protracted kerfuffle began in 2010 with a routine condemnation proceeding instituted by the City of San Antonio through its Water System ("SAWS"), seeking an easement in state court across some of Hanford's real estate. Unsatisfied with the award proposed by special commissioners, Hanford contested the quantum of damages, but the trial court granted the permanent easement sought by SAWS, including the right to clear brush and trees, and awarded damages to Hanford in excess of $600,000. Hanford appealed, but the state appellate court affirmed the trial court. Hanford then sought review in the Texas Supreme Court which refused to hear the case. Hanford next sought relief in the United States Supreme Court, but it too declined to hear the case. That, however, was not enough for Hanford: It prosecuted its previously filed federal case arising under the same facts, but like the four courts before it, the district court rejected Hanford's claims, largely by granting summary judgments and dismissal orders. Despite that solid string of rejections by five courts, Hanford nevertheless appealed to us.

Enough is enough! In addition to affirming the district court's rulings for essentially the reasons patiently set forth earlier this year in its February Order, we caution Hanford and its counsel that frivolous or contumacious prolongation of its litigation in this court, such as seeking reconsideration or rehearing, could lead to disciplinary actions, including fines or sanctions.

The district court's dismissal of Hanford's action with prejudice is, in all respects,

AFFIRMED.

2